UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ANGEL TIXELEMA, on behalf of himself
and all others similarly situated,                                    Case No.:

                                    Plaintiff,                        **CLASS AND COLLECTIVE ACTION**
                                                                      **COMPLAINT**

-against-                                                             **Jury Demand**

SAJNI N SONS CORP. d/b/a Mughlai Indian
Cuisine, KARENA FOODS INC d/b/a
Mughlai Indian Cuisine, EDA FOOD INC
d/b/a Mughlai Indian Cuisine, DEK FOODS
INC d/b/a Mughlai Indian Cuisine, KDEM
EATS INC d/b/a Mughlai Indian Cuisine,
GARY TULSIANI, MAHENDER
TULSIANI, and SAMSON SEVERES,

                                    Defendants.
-----------------------------------------------------X

     Plaintiff ANGEL TIXELEMA ("Plaintiff"), on behalf of himself and all others similarly

situated, by and through his attorneys, Sacco & Fillas LLP, alleges as follows against SAJNI N

SONS CORP. d/b/a Mughlai Indian Cuisine, KARENA FOODS INC d/b/a Mughlai Indian

Cuisine, EDA FOOD INC d/b/a Mughlai Indian Cuisine, DEK FOODS INC d/b/a Mughlai Indian

Cuisine, KDEM EATS INC d/b/a Mughlai Indian Cuisine ("Corporate Defendants"), GARY

TULSIANI, MAHENDER TULSIANI and SAMSON SEVERES ("Individual Defendants")

(Corporate Defendant and Individual Defendants are collectively "Defendants"):

## **JURISDICTION AND VENUE**

    1.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 et seq. (Fair

Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original

federal question jurisdiction). Supplemental jurisdiction over Plaintiff's New York State law

claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## NATURE OF THE ACTION

3.     Plaintiff brings this action (a) pursuant to the Fair Labor Standards Act ("FLSA") and the regulations thereto; and (b) pursuant to the New York Labor Law ("NYLL" or "State Law") (§ 650 et seq.) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 et seq., on behalf of himself and all other similarly situated employees, based upon the following acts and/or omissions which Defendants committed:

   a.  Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff and similarly situated employees who worked in excess of forty (40) hours per week;

   b.  Defendants' failure to pay spread of hours compensation to Plaintiff and a class of non-managerial employees who worked shifts which began and ended more than ten hours apart; and

   c.  Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

4.     Defendants knowingly violated Plaintiff's rights under federal and state laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically and non-economically injured.

5.     Damages and other legal relief are sought pursuant to the FLSA and NYLL.

## PARTIES

### *Plaintiff*

6.      Plaintiff resides in Queens County, New York.

7.      Plaintiff was employed as a dishwasher by Defendants at their restaurant located at 489 Columbus Ave, New York, NY, 10024 from approximately November 1, 2023 until on or about May 3, 2024.

8.      Plaintiff has been employed by Defendants as a restaurant worker within the last six (6) years.

9.      Plaintiff was at all relevant times an "employee" within the meaning of State Law.

### *Defendants*

10.      Defendants operate an enterprise comprised of five restaurants under the common trade name "Mughlai Indian Cuisine" with addresses as follows:

11.      (a) 489 Columbus Ave, New York, NY, 10024 (where Plaintiff was employed);

12.      (b) 1724 2nd Ave, New York, NY 10128;

13.      (c) 329 3rd Ave, New York, NY 10010;

14.      (d) 120 Cedar Street, New York, NY 10006; and

15.      (e) 255 West 55th Street, New York, NY 10019 (collectively, the "Restaurants").

16.      The Restaurants operate as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose.

(a) The Restaurants are all listed for online ordering on Defendants' website: https://www.mughlaiindiantogo.com/OrderLocations.tpl?cart=173990588976 230039. See Exhibit A.

(b) The Restaurants share a common logo on their webpage. See Exhibit A.

(c) Based on Plaintiff's observations and conversations with other employees, supplies and employees are interchangeable amongst the Restaurants' locations.

17.    Corporate Defendant SAJNI N SONS CORP. d/b/a Mughlai Indian Cuisine is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 489 Columbus Ave, New York, NY 10024.

18.    Corporate Defendant KARENA FOODS INC d/b/a Mughlai Indian Cuisine is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1724 2nd Ave, New York, NY 10128.

19.    Corporate Defendant EDA FOOD INC d/b/a Mughlai Indian is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 329 3rd Ave, New York, NY 10010.

20.    Corporate Defendant DEK FOODS INC d/b/a Mughlai Indian Cuisine is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 120 Cedar St, New York, NY 10006.

21.    Corporate Defendant KDEM EATS INC d/b/a Mughlai Indian Cuisine is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 255 West 55th Street, New York, NY 10019.

22.    Upon information and belief, at all times relevant hereto, Corporate Defendants have been a business or enterprise engaged in interstate commerce employing more than fifteen (15) employees and earning gross annual sales over $500,000.

23.    Upon information and belief, at all relevant times hereto, Corporate Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the

production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

24.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

25.     At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

26.     Upon information and belief, Individual Defendants reside in the State of New York and are owners, managers, and/or employees of the Corporate Defendants.

27.     Individual Defendants are natural persons engaged in business in the State of New York, who are sued individually in their capacities as owners, agents, employees or officers of the Corporate Defendant.

28.     Individual Defendant GARY TULSIANI is, upon information and belief, an owner and principal of Corporate Defendants SAJNI N SONS CORP., KARENA FOODS INC, EDA FOOD INC., DEK FOODS INC, and KDEM EATS INC.

29.     Individual Defendant GARY TULSIANI is listed as the agent for service of process on the New York Secretary of State for Corporate Defendants SAJNI N SONS CORP., KARENA FOODS INC., and EDA FOOD INC.

30.     Individual Defendant GARY TULSIANI is listed as a principal on the liquor license for Corporate Defendants KARENA FOODS INC., EDA FOOD INC., and DEK FOODS INC.

31.     Individual Defendant GARY TULSIANI is viewed as an owner of the five Restaurants by Plaintiff and other employees.

32.     Upon information and belief, Defendant GARY TULSIANI sets wage policies and practices for Corporate Defendants.

33.     Upon information and belief, Defendant GARY TULSIANI maintains payroll records for Corporate Defendants.

34.     Individual Defendant MAHENDER TULSIANI is, upon information and belief, an owner and principal of Corporate Defendants SAJNI N SONS CORP., KARENA FOODS INC, EDA FOOD INC, DEK FOODS INC, and KDEM EATS INC.

35.     Individual Defendant MAHENDER TULSIANI is listed as the agent for service of process on the New York Secretary of State for Corporate Defendants DEK FOODS INC and KDEM EATS INC.

36.     Individual Defendant MAHENDER TULSIANI is listed as a principal on the liquor license for Corporate Defendants DEK FOODS INC and KDEM EATS INC.

37.     Individual Defendant MAHENDER TULSIANI is viewed as an owner of the five Restaurants by Plaintiff and other employees.

38.     When Plaintiff and other employees asked for a raise, Defendant MAHENDER TULSIANI communicated the final decision to Plaintiff and other employees of the Restaurant.

39.     Upon information and belief, Defendant MAHENDER TULSIANI sets wage policies and practices for Corporate Defendants.

40.     Upon information and belief, Defendant MAHENDER TULSIANI maintains payroll records for Corporate Defendants.

41.     Individual Defendant SAMSON SEVERES was a manager employed by corporate defendant SAJNI N SONS CORP. during the relevant time period.

42.     Defendant SAMSON SEVERES managed Plaintiff.

43.    Defendant SAMSON SEVERES interviewed and hired Plaintiff.

44.    Defendant SAMSON SEVERES controlled Plaintiff's schedule.

45.    Individual Defendants each exercised control over the terms and conditions of Plaintiff's employment, including but not limited to controlling his hours, pay rate, and work assignments.

46.    Defendants were at all relevant times Plaintiff's employers.

47.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

48.    Plaintiff announces his withdrawal from any and all collective and class actions against Mughlai Indian Cuisine, including but not limited to Castro v. Karena Foods Inc. et al (1:24-cv-01893-ER; SDNY).

## DEFENDANTS' WAGE AND HOUR VIOLATIONS

### *Overtime Violations*

49.    Throughout his employment, Defendants paid Plaintiff at a rate of $650 per week.

50.    Plaintiff worked six days per week, Fridays through Wednesdays.

51.    Plaintiff worked from approximately 10:00 a.m. until on or about 10:00 or 10:30 p.m.

52.    Plaintiff therefore routinely worked shifts longer than 10 hours.

53.    Plaintiff also routinely worked approximately 72 to 75 hours per week.

54.    Defendants failed to pay Plaintiff at a rate of one and a half times his standard rate for all hours beyond 40 per week.

55.    Defendants also failed to pay Plaintiff for one additional hour at the minimum wage when he worked more than ten hours in a single day.

*Notice and Recordkeeping Violations*

56.     Throughout his employment with Defendants, Plaintiff was paid entirely in cash.

57.     Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195.

58.     Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

59.     Defendants also did not provide Plaintiff with proper paystubs specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or any other information as required under NYLL § 195.

60.     Accordingly, Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiff brings this action on behalf of himself and all similarly situated non-managerial employees who worked at Defendants' restaurants within the statute of limitations period prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

62.     Upon information and belief, the FLSA Collective consists of over 40 employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by willfully denying them overtime wages.

63.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the

Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a.   willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek; and,

    b.   willfully failing to record all the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

64.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

65.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated workers can be readily identified and located through Defendants' records. The similarly situated workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

66.    Upon information and belief, those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

67.    Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated non-managerial employees who work or have worked for Defendants within the six years and 228 days prior to the filing of this Complaint (the "Rule 23 Class").

68.    The class is so numerous that joinder of all members is impracticable because there are more than 40 members of the Rule 23 Class.

69.     There are questions of law or fact common to the class including but not limited to: whether Defendants maintained payroll records, and whether Defendants violated New York Labor Law overtime, spread-of-hours, wage notice and statement requirements.

70.     The claims or defenses of the representative parties are typical of the claims or defenses of the class because anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment, work or worked for Defendants within the statutory period, and sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

71.     Plaintiff and the Rule 23 Class were all injured in that they were victims of Defendants' violations of the NYLL due to Defendants' common policies, practices, and patterns of conduct.

72.     The named Plaintiff will fairly and adequately protect the interests of the class.

73.     Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

74.     There is no conflict between the named Plaintiff and the Rule 23 Class members.

75.     Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

76.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

77.     Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

78.     Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

79.     Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

## FIRST CAUSE OF ACTION

### (Minimum Wage Violations under the NYLL)

80.     Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

81.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

82.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of

the Rule 23 Class within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

83.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

84.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendant(s) their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post judgment interest.

## SECOND CAUSE OF ACTION

### (Overtime Wage Violations under the FLSA)

85.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

86.    Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

87.    At all times relevant, Plaintiff and the members of the FLSA Collective Class are, were or have been employees of Defendants within the meaning of 29 U.S.C. §§ 201 et seq.

88.    At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective Class, engaged in commerce and /or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq.

89.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective Class overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

90.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

91.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

92.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective Class have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### THIRD CAUSE OF ACTION

**(Overtime Wage Violations under the NYLL)**

93.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

94.    Defendants have failed to pay Plaintiff and the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

95.    Through their knowing or intentional failure to pay Plaintiff and the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

96.     Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION

### (Failure to Notify under the NYLL)

97.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

98.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, inter alia, his hourly regular and overtime rates of pay.

99.     Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay, hours worked, and the pay period.

100.    Defendants failed to provide Plaintiff with a notice or paystub in accordance with §195 of the NYLL.

101.    In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay.

102.    Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them,

empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

140. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct actually harmed Plaintiff and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

103.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members.

104.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION

### (Spread of Hours under the NYLL)

105.    Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

106.    N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which... the spread of hours exceeds 10 hours [in a day]." ("Spread of hours" compensation).

107.    N.Y. Comp. Code Rules & Regs. tit. 12 §§ 146-1.6 requires that "on each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

108.    Plaintiff and the Rule 23 Class regularly worked more than ten (10) hours in a day.

109.    Defendants did not pay Plaintiff and the Rule 23 Class an additional hour's pay when they worked more than ten (10) hours in a day.

110.    Consequently, by failing to pay to Plaintiff and the Rule 23 Class an additional hour's pay when Plaintiff and the Rule 23 Class worked more than ten (10) hours in a day, Defendants violated N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.4 and 146-1.6.

111.    By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and 12 NYCRR 146-1.6 and are liable to Plaintiff and the Rule 23 Class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in their favor and against Defendants, and grant the following relief:

a.  **Certification of a Collective Action**: Certify this action as a collective action under the FLSA, and authorize that notice be sent to all similarly situated individuals, allowing them the opportunity to join this action by filing written consent to opt-in.

b.  **Certification of a Class Action**: Certify this action as a class action under Rule 23 of the Federal Rules of Civil Procedure with respect to Plaintiff's claims under the NYLL.

c.  **Economic Damages**: Award Plaintiff full compensation for all economic losses incurred as a result of Defendants' unlawful conduct, including but not limited to lost past wages;

d.  **Liquidated Damages**: Award liquidated damages under applicable laws, including the FLSA and NYLL, for Defendants' violations of wage and hour regulations.

e.  **Attorneys' Fees and Costs**: Award Plaintiff reasonable attorneys' fees, costs, and disbursements incurred in prosecuting this action, as permitted by the FLSA, and NYLL.

f.  **Pre- and Post-Judgment Interest**: Award Plaintiff pre- and post-judgment interest on all sums awarded, as permitted by law.

g.  **Injunctive Relief**: Grant injunctive relief requiring Defendants to cease their unlawful employment practices and ensure compliance with the FLSA and NYLL.

h.  **Further Relief**: Grant such other and further relief as the Court deems just, equitable, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury for all issues so triable.


Dated: Astoria, New York                    SACCO & FILLAS, LLP
March 10, 2025

By: /s/ Clifford Tucker
        Clifford Tucker, Esq.
        3119 Newtown Ave, Seventh Floor
        Astoria, NY 11102
        Tel: 718-269-2251
        Fax: 718-679-9660
        ctucker@saccofillas.com
        *Attorneys for Plaintiff*

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER**

**LIABILITY FOR SERVICES RENDERED**

TO: GARY TULSIANI and MAHENDER TULSIANI

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of SAJNI N SONS CORP. d/b/a Mughlai Indian Cuisine, KARENA FOODS INC. d/b/a Mughlai Indian Cuisine, EDA FOOD INC. d/b/a Mughlai Indian Cuisine, DEK FOODS INC. d/b/a Mughlai Indian Cuisine, and KDEM EATS INC. d/b/a Mughlai Indian Cuisine for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
            March 10, 2025

SACCO & FILLAS LLP

By: */s/ Clifford Tucker* _____
        Clifford Tucker, Esq.
        3119 Newtown Ave, Seventh Floor
        Astoria, NY 11102
        Tel: 718-269-2251
        Fax: 718-679-9660
        ctucker@saccofillas.com
        *Attorneys for Plaintiff*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

TO: SAJNI N SONS CORP. d/b/a Mughlai Indian Cuisine, KARENA FOODS INC. d/b/a Mughlai Indian Cuisine, EDA FOOD INC. d/b/a Mughlai Indian Cuisine, DEK FOODS INC. d/b/a Mughlai Indian Cuisine, and KDEM EATS INC. d/b/a Mughlai Indian Cuisine

PLEASE TAKE NOTICE, that Plaintiff and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York            SACCO & FILLAS LLP
         March 10, 2025

                                 By: ___*/s/ Clifford Tucker*_____
                                      Clifford Tucker, Esq.
                                      3119 Newtown Ave, Seventh Floor
                                      Astoria, NY 11102
                                      Tel: 718-269-2251
                                      Fax: 718-679-9660
                                      ctucker@saccofillas.com
                                      *Attorneys for Plaintiff*

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: _Angel Tipselema_

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _____    Date/Fecha: _07 – 04 2024_